IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY, § § | |
| Plaintiff § § | |
| v. § § | CIVIL ACTION NO. 7:10-CV-93 |
| SCOTTSDALE INSURANCE COMPANY, § § | |
| Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mt. Hawley Insurance Company files this Original Complaint and would respectfully show this Court the following:

### I. PARTIES

1. Plaintiff Mt. Hawley Insurance Company is an insurance company that is licensed under the laws of the State of Illinois with its principal place of business in Peoria, Illinois.

2. Defendant Scottsdale Insurance Company is an insurance company that is licensed under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. Its agent for service is the Commissioner of Insurance for the State of Texas.

### II. JURISDICTION

3. This Court has jurisdiction over this lawsuit because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

### III. VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this district and division.

## IV.  FACTUAL BACKGROUND

5. Plaintiff and Defendant each issued commercial general liability insurance policies to Joe Williamson Construction Company ("JWCC").

6. Plaintiff issued policies MGL0125693, MGL0126268, and MGL0128739, which provided coverage to JWCC from August 10, 1999 through August 10, 2002.

7. Defendant issued policies BCS0003907 and BCS0006436, which provided coverage to JWCC from August 10, 2002 through August 10, 2004.

8. All policies were addressed to JWCC's address in McAllen, Texas.

9. Under the express terms of these policies, Plaintiff and Defendant have a duty to defend JWCC in any lawsuit in which a claimant asserts claims against JWCC that are covered by the policies.

10. Under the express terms of these policies, Plaintiff and Defendant's duty to defend JWCC does not terminate until the respective insurer exhausts "the applicable limit of insurance in the payment of judgments or settlements" under each policy.

11. The policies that Plaintiff issued to JWCC also contained the following provision:

If the insured has rights to recover all or part of any payment we have made…those rights are transferred to [Plaintiff].

12. In January 1999, JWCC entered into a contract with the Raymondsville Independent School District ("RISD") in which JWCC agreed to act as the general contractor for the construction and/or repair of several school buildings.

13. In 2005, RISD filed a lawsuit in the 107th Judicial District Court of Willacy County, Texas styled *Raymondsville Independent School District v. Joe Williamson Construction Company*, which is currently pending as Cause No. 2005-CV-0163-B (the "Underlying Lawsuit").

14. In the Underlying Lawsuit, RISD asserted claims against JWCC including, among other things, that JWCC's negligence resulted in damage to RISD's property.

15. JWCC tendered a demand to both Plaintiff and Defendant to defend it against the claims alleged by RISD.

16. Plaintiff and Defendant accepted JWCC's tender for a defense in the Underlying Lawsuit

17. On October 7, 2008, Defendant sent a letter to JWCC at its McAllen, Texas address, claiming that its policy limits were exhausted as of September 18, 2008, and refusing to continue participating in JWCC's defense in the Underlying Lawsuit.

18. Defendant's policy limits are not exhausted.

19. The Underlying Lawsuit is still pending as of the time of filing of this Complaint.

20. Plaintiff continues to incur costs related to JWCC's defense in the RISD suit.

## V. CAUSES OF ACTION

**A.     Declaratory Judgment**

21. Defendant had, and has, a duty to defend JWCC in the Underlying Lawsuit.

22. Defendant has not been participating in the defense costs of the Underlying Lawsuit since September 18, 2008.

23. Plaintiff has continued to defend JWCC against the claims asserted by RISD in the Underlying Lawsuit without Defendant's participation.

24. An actual, real, and substantial controversy now exists between Plaintiff and Defendant regarding Defendant's duty to defend in the Underlying Lawsuit and to indemnify JWCC under the policies that Defendant issued to JWCC.

25. Plaintiff seeks a declaration that Defendant had, and continues to have, a duty to pay its pro-rata share of the defense costs incurred by JWCC in the Underlying Lawsuit.

26. Plaintiff is entitled to the reasonable and necessary attorneys' fees it incurs in prosecuting this declaratory judgment claim pursuant to title 28, section 2202 of the United States Code and section 37.009 of the Texas Civil Practice and Remedies Code.

**B.     Contribution**

27. Plaintiff and Defendant have a common obligation to pay the defense costs that JWCC incurres in defending the claims in the Underlying Lawsuit that fall within the coverages provided by their respective policies.

28. This common obligation creates a right of contribution for Plaintiff.

29. Plaintiff has paid more than its fair share of the defense costs.

30. Plaintiff has a right to recover the excess amount of defense costs that Plaintiff paid to defend JWCC in the Underlying Lawsuit from Defendant.

**C.     Subrogated Claim for Breach of Contract and Attorneys' Fees**

31. Defendant has a contractual duty to defend JWCC against the claims asserted by RISD in the Underlying Lawsuit.

32. Defendant breached this duty by refusing to participate in JWCC's defense after September 18, 2008.

33. Defendant's breach has caused damages to JWCC.

34. JWCC has not been completely indemnified by Plaintiff, Defendant, or any other carrier for the claims asserted by RISD in the Underlying Lawsuit

35. JWCC has the right to recover all or part of the defense costs it incurs to defend itself against the claims asserted by RISD from Plaintiff and Defendant.

36. JWCC has transferred its right to recover the defense costs from Defendant to Plaintiff.

37. Plaintiff, therefore, is asserting its subrogated right to recover the defense costs that Defendant is contractually obligated to pay on JWCC's behalf.

38. Plaintiff further asserts its subrogated right to recover all reasonable and necessary attorneys' fees that JWCC would have been entitled to recover in its prosecution of this breach-of-contract claim against Defendant, pursuant to chapter 38 of the Texas Civil Practice and Remedies Code.

## VI.  JURY TRIAL

39. Plaintiff respectfully requests a trial by jury.

## VII.  PRAYER

40. Plaintiff respectfully requests:

   a. A declaration that Defendant had, and continues to have, a duty to pay its pro-rata share of the defense costs incurred by JWCC in the Underlying Lawsuit;

   b. An award that will reimburse Plaintiff for the defense costs it has paid on Defendant's behalf in the Underlying Lawsuit;

   c. An award of the reasonable and necessary attorneys' fees incurred to prosecute this declaratory judgment action;

   d. An award of the reasonable and necessary attorneys' fees incurred to prosecute this breach-of-contract action;

   e. An order requiring Defendant to pay pre- and post-judgment interest on all amounts awarded, as well as all costs of court; and

      f.      All relief in law or equity to which it may be justly entitled.

Respectfully submitted,

/s/ Greg K. Winslett
GREG K. WINSLETT, Attorney-in-charge
Texas Bar No. 21781900
Southern District of Texas Bar No. 13078

MATTHEW J. KITA
Texas Bar No. 24050883
Southern District of Texas Bar No. 636932

QUILLING SELANDER CUMMISKEY & LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75208
(214) 871-2100 (phone) / (214) 871-2111 (fax)

**ATTORNEYS FOR PLAINTIFF**